UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Kerrie Lee,

    Plaintiff,

v.                                    Case No. 14-10664

Wal-Mart Stores, Inc.,                Sean F. Cox
                                      United States District Court Judge
    Defendant.
_____/

## OPINION & ORDER

Plaintiff Karrie Lee ("Plaintiff" or "Lee") filed this premises liability action against Defendant Wal-Mart Stores, Inc. ("Defendant" or "Wal-Mart"), after Lee slipped and fell on snow and ice while entering one of Wal-Mart's retail stores. The matter is currently before the Court on Defendant Wal-Mart's "Motion for Summary Judgment and Motion to Dismiss." The parties have briefed the issues and the Court heard oral argument on December 11, 2014. As explained below, Lee lacks standing to bring this action against Wal-Mart because the incident occurred prior to Lee's Chapter 7 bankruptcy and Lee failed to list this action as an asset. If a claim against Wal-Mart exists based on the incident at issue, that claim belongs to the bankruptcy estate and can only be brought by the Trustee.

Under the circumstances presented, the Court shall stay this action for a period of sixty days, without addressing the merits of the pending summary judgment motion, to allow Lee to file a motion in the bankruptcy court seeking to reopen the bankruptcy action, if she chooses to do so.

## BACKGROUND

Lee alleges that she slipped and fell while entering one of Wal-Mart's retail stores on January 11, 2011.

On April 26, 2013, Lee filed a Voluntary Petition under Chapter 7 of the United States Bankruptcy Code, in Case No. 13-48513 in the United States Bankruptcy Court for the Eastern District of Michigan. It was assigned to the Honorable Marci McIvor. It is undisputed that the schedule of assets filed with the bankruptcy court did not list any claim against Defendant Wal-Mart. The docket reflects that a Trustee, David W. Allard, was appointed in that action. On August 6, 2013, the debtor was discharged. As of October 9, 2013, the bankruptcy estate had been fully administered and the case was closed.

On or about January 9, 2014, Lee filed this premises liability action against Defendant Wal-Mart in state court. Lee filed the action in her own name. Defendant removed the case to this Court, based on diversity jurisdiction, on February 12, 2014.

Following the close of discovery, on September 15, 2014, Defendant filed the instant Motion for Summary Judgment and Motion to Dismiss.

**ANALYSIS**

Defendant Wal-Mart filed a "Motion for Summary Judgment and Motion to Dismiss." It brings the instant Motion for Summary Judgment under Fed. R. Civ. P. 56(c) and its Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) (lack of subject matter jurisdiction).

Wal-Mart's Motion to Dismiss asserts that Lee lacks standing to bring this action because the bankruptcy trustee has the sole power to pursue pre-petition claims and the debtor (Lee) lacks standing to pursue pre-petition claims. Wal-Mart further argues that, in the alternative, that even if Lee retained any claims against it following her Chapter 7 bankruptcy, she is judicially

2

estopped from pursuing those claims here by virtue of not having identified such a claim in the bankruptcy action.

The Court shall address standing first because if Lee lacks standing this Court should not consider the merits of the pending Summary Judgment Motion.

**I.      Does Lee Lack Standing To Pursue This Action Against Wal-Mart?**

Again, Wal-Mart contends that Lee lacks standing to bring this action because the bankruptcy trustee has the sole power to pursue pre-petition claims and the debtor (Lee) lacks standing to pursue pre-petition claims. Wal-Mart directs the Court to *Williams v. Saxon Mort. Svs., Inc.*, 2014 WL 765055 (E.D. Mich. 2014) and *Currithers v. FedEx Ground Package Sys., Inc.,* 2012 WL 380146 (E.D. Mich. 2012).

In response, Lee does not seriously dispute the legal proposition put forth by Wal-Mart – that Lee lacks standing to pursue pre-petition claims and that such claims can only be pursued by the Trustee in the bankruptcy case.

Lee asserts, without citation to any supporting authority, that "[i]t is Plaintiff's position that Plaintiff did not have a claim against Defendant until Plaintiff was made aware of that fact and able to obtain legal representation." (Pl.'s Br. at 11). The Court rejects Plaintiff's argument and concludes that Plaintiff lacks standing to bring the claims asserted in this action. If a claim against Wal-Mart exists based on the incident at issue, that claim belongs to the bankruptcy estate and can only be brought by the Trustee.

Plaintiff asserts that "if this Court should determine that Plaintiff does lack standing, Plaintiff requests that *this court permit Plaintiff to reopen her bankruptcy estate* and amend the Complaint to substitute the Trustee as the Plaintiff." (*Id.* at 11 -12) (emphasis added). Lee

directs the Court to *Bauer v. Commerce Union Bank, Clarksville, Tennessee,* 859 F.2d 438 (6th Cir. 1988).

In *Bauer*, the named plaintiffs in the civil action at issue filed for bankruptcy under Chapter 7 and the schedule of asserts did not list the civil litigation, even though it was based upon pre-petition events. The bankruptcy court had appointed a trustee, but the debtors were discharged and the case was closed before the civil litigation was filed. Thus, it was the same general fact pattern we have here.

But notably, the plaintiffs moved to re-open their bankruptcy case *in the bankruptcy court* after the defendant in the civil case had raised the standing issue. The bankruptcy court then granted the motion, reopened the case, and re-appointed the Trustee. *See Bauer*, 859 F.2d at 439. That is because the federal district judge assigned to the civil action would not have any authority to order a bankruptcy case re-opened or to appoint a Trustee in a bankruptcy case.

Accordingly, Lee would have to file a motion to re-open the bankruptcy case in the bankruptcy court and, if Judge McIvor granted it, Lee could then ask her to re-appoint the Trustee so that he could then decide whether to pursue this civil action. Only then would it be appropriate to allow the caption to be changed to reflect that the Trustee was the named plaintiff.[1]

---

[1] Wal-Mart also asserts, in the alternative, that Lee is judicially estopped from asserting her claim against Wal-Mart in this action by virtue of not having disclosed it in the bankruptcy case. Wal-Mart directs the Court to *Williams v. Saxon Mort. Svs., Inc*., 2014 WL 765055 (E.D. Mich. 2014). Notably, however, that decision recognized that "the estoppel arguments do not apply to the bankruptcy Trustee," who may bring claims for the benefit of the bankruptcy estate. *Williams, supra*, at * 9.

Under these circumstances, this Court shall stay this action for a period of sixty (60) days so that, if she chooses to do so, Lee can file a motion in the bankruptcy court to reopen Lee's bankruptcy case.

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that this action is **STAYED until February 17, 2015**, so that Lee may file a motion asking the Bankruptcy Court to reopen Lee's bankruptcy case, if she chooses to do so.

**IT IS FURTHER ORDERED** that no later than **February 17, 2015**, Lee shall file a memorandum of no more than five pages, advising the Court as to the status of Lee's bankruptcy case. If Lee has not filed a motion seeking to reopen Lee's bankruptcy case by that date, this Court shall dismiss this action due to Lee's lack of standing.

**IT IS SO ORDERED**.

S/Sean F. Cox  
Sean F. Cox  
United States District Judge

Dated:  December 17, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 17, 2014, by electronic and/or ordinary mail.

S/Jennifer McCoy  
Case Manager